IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREW BROWN, # K-58246,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-808-JPG |
| ) | |
| **VIENNA CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On August 7, 2013, following the Memorandum and Order entered in *Brown v. Vienna Correctional Ctr., et al.*, Case No. 13-cv-667-JPG (Doc. 1 in the instant case), this matter was severed from the original case. Plaintiff was directed to notify the Court by September 10, 2013, if he did not wish to proceed with this severed claim regarding the Vienna prison conditions, in order to avoid incurring an additional $350.00 filing fee in this new case. In addition, because the action cannot proceed against Defendant Vienna Correctional Center, Plaintiff was directed to submit an amended complaint in this action no later than September 10, 2013, to name the defendant(s) who were responsible for subjecting him to the allegedly unconstitutional conditions. Plaintiff was warned that if he failed to submit an amended complaint by September 10, his case could be dismissed with prejudice.

The deadline has now passed, and Plaintiff has not notified the Court of any intent to dismiss the instant action. Thus, he shall be responsible for full payment of the filing fee for this case. Likewise, Plaintiff has failed to file an amended complaint as ordered. This case is consequently subject to dismissal.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

The dismissal of this action shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred when he failed to exercise his option to voluntarily dismiss the case, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998) (fee remains due despite dismissal of the suit).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 30, 2013**

*s/J. Phil Gilbert*
United States District Judge
